JUN 24 2024

Clerk, U.S. Courts
District of Montana
Helena Division

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA

| | |
|---|---|
| REGINALD COREY GRAY,<br>Plaintiff | Case No.__________ |
| vs. | CIVIL RIGHTS COMPLAINT<br>(§1983) |
| BRIAN M.GOOTKIN,JIM SALMONSEN,<br>CHRIS LAMB,TERRIE STEFALO,<br>Defendants. | TRIAL by JURY DEMANDED |

.................................

COMES NOW, REGINALD C. GRAY #3036056,plaintiff pro se, who presents the following civil-rights complaint and claim for declaratory,and injunctive relief as follows:

## 1. INTRODUCTION

1. This action places before the court a lawsuit involving the administration of the MONTANA DEPARTMENT OF CORRECTIONS,MONTANA STATE PRISON,AND THE MONTANA STATE PRISON RELIGIOUS ISSUES COMMITTEE.

2. This complaint alleges that the Constitutional right to practice religious belief has been and is being refused to plaintiff by the MONTANA DEPARTMENT OF CORRECTIONS.

## 2. PARTIES

PLAINTIFF:

3. REGINALD C. GRAY #3036056("Plaintiff") is presently serving a criminal sentence in the custody of the Montana Department of Corrections. At all times revelent to this action,Plaintiff was housed at Montana State Prison, 700 Conley Lake Road,Deer Lodge, MT 59722,where he currently resisdes.

DEFENDANTS:

4. Defendant BRIAN M.GOOTKIN ("Director Gootkin") at all times revelant to this action was/is employed as Director of the Montana Department of Corrections, 5 South Last Chance Gulch,P.O. Box 201301, Helena,MT 59620,charged with the custody and care of plaintiff. Director Gootkin is the department's highest authority responsible for the the appointment,employment,and oversight of department's operations generally,and is the final appellate authority over inmate institutional grievances and concerns. At all times revelant to this complaint, Director Gootkin acted under color of state law. He is hereby sued in his individual as well as official capacity,jointly.and severally for those acts and omissions described fully below.

5. Defendant JIM SALMONSEN ("Warden Salmonsen")at all times revelant to this action was/is employed as Warden of the Montana State Prison, 700 Conley Lake Road,Deer Lodge, MT 59722,charged with the custody and care of Plaintiff. Warden Salmonsen is the facility's highest authority responsible for the appointment, employment,and oversight of facility staff,and oversight of facility operations generally,and is the final appellate authority over inmate institutional grievances and concerns.At all times revelant to this complaint,Warden Salmonsen acted under color of state law. He is hereby sued in his individual as well as official capacity,jointly,and severally for those acts and omissions described fully below.

6. Defendant Chris Lamb ("Associate Warden Lamb")at all times revelant to this action was/is employed as Associate Warden of the Montana State Prison, 700 Conley Lake Road,Deer Lodge,MT 59722,charged with the custody and care of Plaintiff. Associate Warden is the facility's second(2nd) highest authority,and the highest authority responsible for facility's operations generally and is the facilty's highest authority for the Religious Issues Committee.At all times revelant to this complaint,Associate Warden Lamb acted under the color of state law.He is hereby sued in his individual as well as official capacity,jointly and severally for those acts and omissions described fully below.

7. Defendant Terrie Stefalo ("Religious Activities Coordinator") at all times revelant to this action was/is employed as Religious Activities Coordinator of Montana State Prison,700 Conley Lake Road,Deer Lodge,MT 59722,charged with the custody and care of Plaintiff. Religious Activities Coordinator Stefalo is the facilty's highest authority in relations to Inmates religious matters,and designated to coordinate religious programming for offenders at Montana State Prison. At all times revelant to this complaint,Religious Activities Coordinator Stefalo acted under color of state law. She is hereby sued in her individual as well as official capacity,jointly and severally for those acts and omissions described fully below.

## 3. JURISDICTION AND VENUE

8. Jurisdiction is asserted pursuant to the United States Constitution and 42 U.S.C. §1983,to redress the deprivation of those rights secured by the United States Constitution,deprived by persons acting under color of state law.The court has jurisdiction over these matters pursuant to 28 U.S.C.§§1331,1343.

9. Plaintiff's claim for injunctive relief is authorized pursuant to U.S.C.§1651.

10. The United States District Court for the District of Montana, in the County of Powell,City of Deer Lodge,is the appropriate venue for trial pursuant to U.S.C.§1391(b)(2);The County of Powell is where the events complained of have occured.

## 4. PREVIOUS LAWSUITS

11. Plaintiff has previously filed a civil suit,and the current litigation in that matter is still pending,there has been no previous litigation regarding any of the issues described in this complaint.

## 5. STATEMENT OF FACTS

12. On the date of December 20th,2023, Plaintiff arrived at Montana State Prison as an Interstate Compact Transfer from North Carolina.

13. Upon Plaintiff's arrival in intake he was instructed to remove his Kufi and place it in his property bag along with his other belongings.

14. Plaintiff was informed that his property would be turned over to the property department to be checked for contraband and then returned to him.

15. On the date of December 26th,2023, Plaintiff submitted an Offender/Staff Request(OSR)Form to the RAC Stefalo asking the reason for his Kufi being taken and not returned to him.

16. On the date of January 8th,2024, Plaintiff's kufi was returned to him.As Plaintiff exicted his cell wearing his Kufi he was approached by staff and informed that he could not wear his Kufi outside of his cell.

17. Plaintiff filed an Inmate/Offender Informal Resolution Form and submitted it on January 8th,2024,to grieve the issue.

18. On the date of January 9th,2024,Unit Manager Ben Bouley responded to the Informal Resolution Form and stated"you can wear the Kufi in cell without covering it.In the dayroom you can wear it but it must be covered with a stocking hat."

19. On the date of January 10th,2024,Plaintiff filed an Inmate/ Offender Grievance Form requesting that the policy be reviewed and changed due to the wearing of the Kufi posing no security issues and that this policy being in violation of Plaintiff's constitutional rights.

20. On the date of February 3rd,2024,Plaintiff submitted a Religious Accommondation Request asking to be able to wear a Kufi uncovered anywhere within the facility,stating thats its in Plaintiff's religious beliefs according to the Sunnah which all muslims adhere to.

21. On February 15th,2024,Plaintiff recieved an answer to his Religious Accommondation Request that stated"On February 13th, 2024,the Religious Issues Committee met,and my request was considered and denied.MSP 5.6.1(3)(D)(6)(b) "Inmates who choose to wear their religious skull caps outside their cell or communal services will wear the skull cap discreetly and fully covered underneath an approved cap.Staff may require an inmate to remove and may search,the religious cap at any time for security reasons

22. On the date of February 12th,2024,Plaintiff recieved a Grievance Response Extension Form from the grievance coordinator stating that addition of time was needed to look into claim.

23. On the date of February 20th,2024, The Warden responded to Inmate/Offender Grievance Form and stated"DENIED-Policy will not be changed.You may wear your Kufi in your cell.If you wear it outside your cell, it must be covered by a baseball hat or stocking cap"

24. On the date of March 1st,2024,Plaintiff appealed Warden's decision to the Corrections Director by way of an Inmate/Offender Grievance Appeal to the Corrections Director.

25. On the date of April 2nd,2024,Plaintiff recieved a response from thr director's office stating"The current procedure states; "inmates who choose to wear their religious skull cap outside their cell or commercial services will wear the skull cap discreetly and fully covered underneath an approved cap." Upon review of the noted cases in your appeal,I find no evidence to support changing the procedure.

6. EXHAUSTION OF ADMINISTRATIVE REMEDIES

26. Plaintiff has timely exhausted all available administrative remedies prior to filing this complaint.

## 7. CAUSE OF ACTION

27. defendants were aware of Plaintiff's religious right to be able to practice his religious belief by wearing his Kufi at all times,but were deliberately indifferent to Plaintiff's religious right.Defendants' deliberate indifference to Plaintiff's religious and constitutional right has caused Plaintiff to choose between practing and adherung to his religious belief or recieving disciplinary action and being placed in locked housing, in violation of the United states Constitution and the RLUIPA.

## 8. PRAYER FOR RELIEF

WHEREFORE,Plaintiff respectfully prays that this Court enter an order:

28. Issuing declaratory relief,declaring that the acts and omissions of the defendants have violated Plaintiff's rights, and stating the defendants' duties with respect to those rights.

29. Issuing Injunctive Relief,commanding the defendants to change the MSP procedure 5.6.1(3)(D)(6)(b),and allow for inmates to be able to practice their religious beliefs by wearing their religious head gear/skull caps at all times,uncovered,anywhere within the facility in accord with the RLUIPA.

30. Any other relief this Court deem just and proper.

31. Trial by Jury is hereby demanded on claim alleged herein,and the parties are hereby given notice pursuant to Fed.R.Civ.P.38 (a)-(c).

Respectfully submitted this 24th day of May,2024

Reginald C. Gray

9. VERIFICATION

Pursuant to 28 U.S.C.§1746, I, Reginald C. Gray,declare and verify,under penalty of perjury under the laws of the United States of America,that I have read the foregoing and that it is true and correct to the best of my knowledge and belief.

DATED this 24th day of May,2024

Reginald C. Gray #3036056

## DECLARATION AS TO MILITARY SERVICE

Reginald Corey Gray states:

1. I am the pro se plaintiff in this case,and titled cause of action.I make this declaration pursuant to the requirements of the Soldiers' and Sailors' Civil Relief Act,50 U.S.C., Appendix §520.

2. The defendants have worked for the Montana D.O.C. and the Montana State Prison since the plaintiff has been incarcerated in the Montana State Prison in December 2023.

3. Based on that fact,the plaintiff is convinced that the defendants are not in military service of the United States.

## SERVICE REQUESTED DONE BY THE CLERK

Pursuant to Fed.R.Civ.P. 4 and 5(c) "In the Interest of Least Expense,Too many defendants and cost's feasible for the plaintiff to incurr" And "In the Interest of Justice of Judicial and plaintiff Economy and Time." All done on this the 24th day of May,2024.

Pursuant to 28 U.S.C. §1746, I declare under penalty of perjury that the foregoing is true and correct.

Dated this the 24th,day of May,2024

Reginald Corey Gray
#3036056
Montana State Prison
700 Conley Lake Road
Deer Lodge,Montana
59722