Blake R. Koemans, Bar No. 14203
Deputy Chief Legal Counsel
Department of Corrections
5 S. Last Chance Gulch
Helena, MT 59601
Phone: (406) 444-3803
Blake.Koemans@mt.gov

*Attorney for Defendants*

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
HELENA DIVISION

| | |
|---|---|
| REGINALD COREY GRAY,<br><br>                    Plaintiff,<br><br>    v.<br><br>BRIAN GOOTKIN, JIM SALMONSEN, CHRIS LAMB, AND TERRIE STEFALO<br><br>                    Defendants. | Cause No. CV 24-40-H-DWM<br><br><br>**DEFENDANTS' STATEMENT OF UNDISPUTED FACTS IN SUPPORT OF STATE'S MOTION FOR SUMMARY JUDGMENT** |

Defendants respectfully submits the following statement of undisputed facts in support of their Motion for Summary Judgment.

1.  Reginold Corey Gray is an inmate currently residing at the Montana State Prison ("MSP"). (Doc. 2, ¶ 20).

2.  As part of his religious faith, Gray wears a traditional Muslim head-covering known as a Kufi. (Doc. 2 , ¶¶ 13-20).

3. The Montana Department of Corrections maintains policies and procedures that regulate the religious activities of inmates in Department facilities. (Ex. A, Procedure No. 5.6.1).

4. Department Procedure 5.6.1 establish rules that govern religious headgear in Montana State Prison. (Ex. A, § (III)(D)(6)(b); Ex. B, ¶ 7).

5. Many inmates at MSP incorporate property items as part of their religious worship. (Ex. B, ¶ 5).

6. DOC maintains policies and procedures for possessing and using personal property as part of religious worship. (Ex. A, § (III)(D)).

7. The current Procedure 5.6.1(III)(D)(6)(b) provides:

> inmates who choose to wear their religious skull caps outside their cell or communal services will wear the skull cap discretely and fully covered underneath an approved cap. Staff may require an inmate to remove, and may search, the religious skull cap at any time for security reasons.

(Ex. A).

8. Reginald Corey Gray is an inmate currently housed at the Montana State Prison in Deer Lodge, Montana ("MSP"). (Doc. 2, ¶ 3).

9. Plaintiff alleges that his religious beliefs require that he wear his Kufi at all times. (Doc. 2, ¶ 27).

10. Plaintiff alleges that his religious beliefs require that he wear his Kufi uncovered. (Doc. 2, ¶ 20).

11. In his complaint, the Plaintiff alleges "[o]n the date of February 3rd, 2024, Plaintiff submitted a Religious Accommodation Request asking to wear a Kufi uncovered anywhere within the facility, stating that it's in Plaintiff's religious beliefs according to the Sunnah which all Muslims adhere to." (Doc. 2 at ¶ 20).

12. In his complaint, the Plaintiff alleges "defendants were aware of Plaintiff's religious right to be able to practice his religious belief by wearing his Kufi at all times, but were deliberately indifferent to Plaintiff's religious right." (Doc. 2 at ¶ 27).

13. The Plaintiff requests the court grant injunctive relief requiring the Department to allow inmates to wear religious head gear at all times, uncovered, anywhere within MSP. (Doc. 2 ¶ 29).

14. Prisoners at MSP are allowed to wear religious headgear, including Kufis, at all times anywhere within MSP. (Ex. A, § III(D)(6)(b); Ex. B, ¶ 7).

15. Procedure 5.6.1(III)(D)(6)(b) was implemented in response to inmates utilizing religious personal property to identify themselves in MSP as a gang member. The purpose of the 2011 amendment to Procedure 5.6.1 was to reduce gang identification through the display of religious personal property while also allowing inmates the maximum ability to exercise their religion at all times and all places within MSP. (Ex. B, ¶ 8).

16. Gang activity in MSP poses a significant security risk to facility staff and inmates. (Ex. B, ¶¶ 8, 9).

17. Inmates at MSP have been able to retain personal religious items since at least 1999. Prior to 2011, the possession and use of religious personal property was governed by Procedure 5.6.1(III)(I)(4) which read:

> Any religious item received for an inmate's personal retention must be on the list of personal property items (see attachment A of MSP 4.1.3, Inmate Personal Property), and must be processed through the Property Office using the inmate property receipt system. This is necessary to provide official documentation of delivery (in case items are lost, stolen, transferred, or damaged), and to help prevent the introduction of contraband into MSP.

(Ex. C, pg. 7).

18. Inmates who choose to wear religious head-coverings may wear them uncovered when they are in their cell or during a communal religious ceremony in the RAC. (Ex. A, § (III)(D)(6)(b); Ex. B, ¶ 7).

19. If an inmate chooses to wear their religious head-covering outside of their cell or the RAC, they must conceal the head-covering with a stocking cap. (Ex. A, § (III)(D)(6)(b); Ex. B, ¶ 7).

20. MSP makes stocking caps available for purchase in the MSOP canteen. (Ex. B, ¶ 7).

21. Prior to the adoption of Procedure 5.6.1(III)(D)(6)(b), inmates in MSP would display and alter religious personal property to identify themselves as members of a gang. (Ex. B, ¶ 8).

DEFENDANTS' STATEMENT OF UNDISPUTED FACTS  - 4

22. The purpose of Procedure No. 5.6.1(III)(D)(6)(b) was to reduce gang activity by not allowing inmates to use privileged religious personal property items as gang identifiers, while also allowing ample opportunity for inmates to possess and use such property for religious activities. (Ex. B, ¶¶ 8,9).

23. The modern iteration of Procedure No. 5.6.1(III)(D) was adopted on April 4, 2011. In pertinent part, the 2011 version of Procedure No. 5.6.1(III)(D)(6)(b) provides:

> Inmates may only utilize their religious personal property items in accordance with the religious purpose for which they were designed.
> a. Any other use of religious personal property items is prohibited.
>
> b. If an inmate chooses to wear his religious medallion (crucifixes, medicine bad, etc.), he must wear it around his neck using the necklace item that came with the medallion and keep it tucked under his shirt. He may wear it on the outside of the shirt/coat only when attending a religious service or activity.
>
> c. Violations of the above stipulations may result in confiscation of the item(s) as contraband in accordance with *MSP 3.4.1, Institutional Discipline*.

(Ex. D, § (III)(D)(6)).

24. In 2014, Procedure No. 5.6.1(III)(D)(6) was again amended and the subsection that applies specifically to religious headgear was added. (Ex. E, § (III)(D)(6)(b)).

25. On January 8, 2024, Gray was notified by MSP staff that he was not permitted to wear his Kufi uncovered while outside of his cell. (Doc. 2, ¶ 16).

DEFENDANTS' STATEMENT OF UNDISPUTED FACTS  - 5

26. Prisoners are permitted to make religious accommodation requests. When a request for religious accommodation involves the use of personal property, the Religious Issues Committee determines whether to grant or deny the request. (Ex. A, § (III)(E)(1)(c)).

27. On or about February 3, 2024, Gray submitted a religious accommodation request seeking to "wear [his] kufi at all times and anywhere without having to cover it up . . .." (Ex. G).

28. On February 13, 2024, the RIC met and discussed Gray's request. The RIC determined that Gray's request did not comply with Procedure 5.6.1(III)(D)(6)(b) and denied the request. Religious Activities Coordinator Terrie Stefalo notified Gray of the Committee's decision on February 15, 2024. (Ex. G).

DATED January 5, 2026.

/s/ *Blake R. Koemans*
BLAKE R. KOEMANS
Attorney for Department of Corrections

DEFENDANTS' STATEMENT OF UNDISPUTED FACTS  - 6

CERTIFICATE OF SERVICE

I hereby certify that on the 5th day of January 2026, a copy of the foregoing Statement of Undisputed Facts was served on the following people by the following means:

    __1__    CM/ECF
    __2__    Hand Delivery
    _____  Mail
    _____  Overnight Delivery Service
    _____  Fax
    _____  E-Mail

1.    Clerk, U.S. District Court

2.    Reginald C. Gray
      AO# 3036056 Montana State Prison
      700 Conley Lake Road
      Deer Lodge, Montana 59722

                              /s/ *Blake R.* Koemans
                              BLAKE R. KOEMANS
                              Attorney for Department of Corrections