Blake R. Koemans, Bar No. 14203
Deputy Chief Legal Counsel
Department of Corrections
5 S. Last Chance Gulch
Helena, MT 59601
Phone: (406) 444-3803
Blake.Koemans@mt.gov

*Attorney for Defendants*

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
HELENA DIVISION

| | |
|---|---|
| REGINALD COREY GRAY,<br><br>Plaintiff,<br>v.<br><br>BRIAN GOOTKIN, JIM SALMONSEN, CHRIS LAMB, AND TERRIE STEFALO,<br><br>Defendants. | Cause No. CV 24-40-H-DWM<br><br>**DEFENDANTS' REPLY IN SUPPORT OF SUMMARY JUDGMENT** |

Defendants Brian Gootkin ("Gootkin"), Jim Salmonsen ("Salmonsen"), Chris Lamb ("Lamb") and Terrie Stefalo ("Stefalo"), collectively ("State Defendants"), submit Defendants' Reply in Support of Summary Judgment as a matter of law on Plaintiff Reginald Gray's ("Gray") Civil Rights Complaint (Doc. 2) under Fed. R. Civ. P. 56.

As the Plaintiff's Response to Defendant's Statement of Material Facts (Doc. 39 at 12) demonstrates, the parties agree on the relevant facts of this case. Most

importantly, the Plaintiff agrees that inmates at MSP are allowed to wear religious items of personal property uncovered in their cell and the Religious Activity Center ("RAC"), and covered when not in those places. (Doc. 39 at 12-13 (agreeing with Defendant's facts No. 18 and 19)). In response to the State's motion, the Plaintiff attempts to create a genuine dispute as to a material fact by alleging that inmates were not allowed to wear kufis to a gym photo day in 2024, are not allowed to wear kufis to visitation, and that State Defendants did not consider policies that are less restrictive than Procedure 5.6.1(III)(D)(6)(b). Neither of Plaintiff's claims raise a genuine dispute to any material fact and the Court should grant summary judgment in favor of the State Defendants.

To support his claim that inmates are not allowed to wear religious headgear in all places within MSP, Plaintiff submits a letter regarding gym photo day in MSP signed by Correctional Lieutenant Brian Cunningham. Lt. Cunningham's letter, which applies only to the photos that would be taken on December 7, 2024, stated that no hats could be worn in photos. (Doc. 39 at 20 Exhibit B)). The letter does not distinguish between hats and religious headgear. Although the letter, if enforced as written, would restrict an inmate's ability to wear religious headgear in the photo, this does not create a cognizable claim under RLUIPA. Assuming inmates were not allowed to wear religious headgear to photo day, short-term, sporadic, and isolated minor infringements on religious exercise do not rise to the level of a substantial burden. *Canell v. Lightner*, 143 F.3d 1210, 1215 (9th Cir. 1998); *see also Brown v.*

*Washington*, 752 Fed. Appx. 402, 405-06 (9th Cir. 2018). Even if the court assumed that hats and religious headgear were treated the same under Lt. Cunningham's letter, the restriction is limited to the brief moment of taking the photo. Nothing in the letter prevents inmates from wearing religious headgear during recreation or gym time as long as they comport with Procedure 5.6.1(III)(D)(6)(b). Accordingly, this letter does not implicate RLUIPA and State Defendants are entitled to judgment as a matter of law.

Even if it were assumed that Lt. Cunningham's letter implicates RLUIPA, however, the Plaintiff raises this issue for the first time in response to summary judgment. That fact alone is sufficient justification for the Court to reject the Plaintiff's argument and grant the State's motion. *See Pickern v. Pier 1 Imps. (U.S.), Inc.*, 457 F.3d 963, 968-96 (9th Cir. 2006) (holding that new factual allegations raised in response to a motion for summary judgment and not included in the pleadings are insufficient to defeat an otherwise proper motion for summary judgment). More problematic for the Plaintiff, however, is that he makes no allegation that he was ever personally subject to the hat restrictions in the letter or that the letter imposed a substantial burden on *his* religious exercise. Whether in his complaint, or in his response to Defendant's Motion for Summary Judgment, the Plaintiff never alleges that he was restricted from wearing his Kufi to gym photos or even that he ever wanted or attempted to wear his Kufi to gym photos. Therefore, even if it were assumed that Lt. Cunningham's letter could have or did burden an inmate's religious

exercise, the Plaintiff has not demonstrated or even alleged that the letter substantially burden his religious exercise, which he must do to succeed on his claims. *See Allen v. Wright*, 468 U.S. 737, 751 (1984) (holding that a core component of Article III standing requires that "[a] plaintiff must allege personal injury fairly traceable to the defendant's allegedly unlawful conduct and likely to be redressed by the requested relief."); *see also* 42 U.S.C. § 2000cc-2(a) ("Standing to assert a claim or defense under this section shall be governed by the general rules of standing under article III of the Constitution").***

For the above-stated reasons, the letter submitted by the plaintiff does not create a genuine dispute as to any material fact and summary judgment in favor of State Defendants is appropriate. Furthermore, for the same reasons that Lt. Cunningham's letter does not create a genuine issue of material fact, the Plaintiff's arguments regarding inmate visitation fail to prevent summary judgment in this case. Plaintiff raises visitation for the first time in response to summary judgment and has never alleged in this case that he was ever personally restricted from wearing a kufi to a visitation.

The Plaintiff also disputes the State's stated reason for implementing Procedure 5.6.1(III)(D)(6)(b). (Doc. 39 at 12). The sections of Procedure 5.6.1 regarding religious headgear were added to MSP's inmate personal property Procedures over a decade ago and, at this point, no record has been located identifying what alternatives were considered. Nonetheless, the evolution of MSP's policy clearly shows that the

State has not only considered, but attempted to implement, less restrictive policies which proved insufficient. Thie Ninth Circuit has found that this showing is sufficient to satisfy the least restrictive means analysis of RLUIPA. *See Whitford v. Salmonsen*, 2025 U.S. App. LEXIS 17857, **5-6 (9th Cir. 2025).

The Plaintiff does not present any evidence disputing the fact that prior to the 2011 revisions, the inmate personal property policies at MSP were significantly less restrictive than the current version of Procedure 5.6.1(III)(D)(6). The policy currently in place allows the Plaintiff ample opportunity to wear his Kufi while also providing for the safety of facility staff and inmates. The current policy represents an incremental step away from a policy that allowed inmates too many opportunities to abuse personal property within MSP. The Plaintiff's cursory allegations that the State never considered alternative policies are insufficient to counter the sworn affidavit of Terrie Stefalo and the documentary evidence of prior MSP policies in the record of this case. Accordingly, there are no genuine issues of material fact that would preclude summary judgment in this case.

The undisputed facts in this case demonstrate that MSP Procedures provide ample opportunity for the Plaintiff to wear his Kufi at all times within MSP. Accordingly, there is no substantial burden on the Plaintiff's religious exercise and State Defendants are entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). Should the court find that a substantial burden exists, State Defendants have presented affidavit testimony and documentary evidence demonstrating that it has implicitly

considered less restrictive policies.

For the above state reasons, the Court should grant summary judgment in favor of the State Defendants.

DATED March 30, 2026.

/s/ *Blake R. Koemans*
BLAKE R. KOEMANS
Attorney for Department of Corrections

## CERTIFICATE OF SERVICE

I hereby certify that on the 30th day of March 2026, a copy of the foregoing Defendants' Reply in Support of Summary Judgment was served on the following people by the following means:

__1_____CM/ECF
__2_____Hand Delivery
________ Mail
________Overnight Delivery Service
________Fax
________E-Mail

1. Clerk, U.S. District Court

2. Reginald C. Gray
   AO# 3036056 Montana State Prison
   700 Conley Lake Road
   Deer Lodge, Montana 59722

/s/ *Blake R. Koemans*
BLAKE R. KOEMANS
Attorney for Department of Corrections